### CITY OF MEMPHIS v. ELGIN et al.

(Circuit Court of Appeals, Sixth Circuit. June 9, 1924.)

No. 3977.

Street railroads ☞37—Easement in street held not to except company from paving ordinance.

A deed conveying a strip of land to a county for use as a public road or street, subject to a 20-foot "easement" to a street railway company for its tracks, held to vest the fee to the ground included in the easement in the county and to render it subject, after its incorporation in a city, to an ordinance requiring the company to pave between and alongside its tracks.

Appeal from the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Intervention by the City of Memphis in suit in equity against the Memphis Street Railway Company; F. S. Elgin and T. H. Tutwiler, receivers. Decree dismissing petition of intervention, and the City appeals. Reversed.

Edward B. Klewer, of Memphis, Tenn. (C. P. J. Mooney, Jr., and Walter P. Armstrong, both of Memphis, Tenn., on the brief), for appellant.

Roane Waring, of Memphis, Tenn. (Miles, Waring & Walker, of Memphis, Tenn., on the brief), for appellees.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

MACK, Circuit Judge. The city of Memphis filed its intervening petition in the court below, praying that the receivers of the Memphis Street Railway Company be directed to proceed with the pavement of Florida street within the company's tracks and for a distance of two feet beyond the outer rails, from South Parkway south to the city limits, as required by the city ordinance. The receivers, in their answer, denied on behalf of the street railway company that the space which the city sought to require the company to pave was a part of the public street, but alleged that the same was a private right of way of the company. After hearing the evidence adduced by the city, the court below held that the city had not made out a prima facie case, and, without requiring any evidence from the receivers, held that the right of way in question belonged exclusively to the street railway company without any easement in favor of the city or the public, and that therefore the street railway company was under no obligation by contract or otherwise to comply with the ordinance. Thereupon an order was entered dismissing the petition of the city, from which order this appeal is taken. Concededly the ordinance is valid, unless title to that part of the street between the rails is in the street railway company.

In the year 1903 neither the tracks of the street railway company had been laid, nor had Florida avenue been extended south of Kerr avenue along the strip where the tracks in question were subsequently laid. Kerr avenue, now called South Parkway, was the southern limit of the city. About a mile south was an industrial settlement called New South Memphis, which was being developed by the South Memphis Land Company. The land company opened negotiations with the street railway company for the extension of its Florida street line south from the then city limits to South Memphis. In March, 1903, the street railway company wrote to the South Memphis Land Company that it would build the extension as early as practicable, provided that certain conditions were met, including the following:

"It will be necessary to obtain the consent of the city for the right to lay our tracks with the same patterns of rail as is now used on that street, on Florida avenue from the intersection of Gholson street and Florida avenue south to Kerr avenue, and this street to be put to a permanent grade, in advance of laying the tracks. From Kerr avenue south in a direct line with the center of Florida avenue and running to the center of Florida avenue in the town of South Memphis, we will require a 20-foot right of way put to a satisfactory grade, with necessary bridges and waterways permanently provided for."

The land company replied that it would at once begin to comply with the conditions necessary on its part, and inclosed a copy of a resolution passed by its board, which provided that the proposition of the street railway company be accepted, and—

"that immediate steps be taken to carry out the provisions of the obligation, so far as this company is concerned in the matter of securing from the city the desired rights, etc., on Florida avenue, from Gholson street to Trigg avenue, and in the matter of providing right of way and grade from Trigg avenue to South Memphis."

On May 11, 1903, the Shelby county quarterly court granted a petition of property owners for the extension of Florida avenue south and appointed a jury to assess the damages. On May 18, 1903, a similar petition was granted by the same court, and a jury again appointed to assess damages, in order to remove any doubt as to the legality of the proceedings which had been taken, in view of an act of the Legislature abolishing the road commissioners. The point is made that there is nothing in the record to indicate that either of the juries completed the work assigned to them, but there seems no dispute that the road was actually laid out, used, and regarded as a public road. Certainly the dedication of the road is sufficiently made out for a prima facie case.

The lands over which the road and the right of way ran were owned by the South Memphis Land Company and five other owners; seven deeds were executed by these several owners, as parties of the first part, with the county and the street railway company, as parties of the second part—three of them in 1903 and four in 1913. The language, however, of those executed in 1913, in making the grant of the "easement" to the railway conditional upon the tracks being laid within a reasonable time, indicates that the documents are to be read in the light of the situation in 1903. None of the deeds was recorded before 1915. Although the street railway company was a party to all of these deeds, in each case the land specifically described was "bargained, sold, and conveyed unto the county of Shelby for a public road." The only interest that the street railway company could possibly acquire under the deeds was by reason of the clause, varying slightly in the several deeds, granting an easement to it. We quote the clause from the deed of the South Memphis Land Company as an example:

"The above-described strip of ground is to be used by the county of Shelby as and for a public road, being an extension of Florida street, subject, however, to a 20-foot easement which is hereby granted to the Memphis Street Railway Company, provided the said company shall, within a reasonable time, build a street car line upon such easement."

The right of way for the street railway was graded by the land company, and a single-track line was placed thereon by the railway company. The type of construction used was what is known as railroad construction. The cross-ties were laid on the surface of the ground and regular railroad rails or T-rails were placed thereon. Although this form of construction made it difficult for the public to use the space between and about the tracks, there is evidence that the public did make about as much use thereof as was practicable, crossing them, and when the weather was bad bumping along them. In 1908 double tracks were laid by the railway company, of the same character as the single track. In the same year the county court directed the county engineer and county attorney to compel the railway company to lower

its grade, if the county had the authority, but the attempt apparently was abandoned. In 1914, the county, under some arrangement with the railway company (the details of which are not in the record), graveled the space between the tracks, and since then the public has made continuous use of the space adjacent and between the tracks. The limits of the city of Memphis were extended in 1919, to cover the extension of Florida avenue.

In view of the wording of the deeds above referred to, we have no doubt that the street railway company acquired at the best an easement or right of user in the public road. "Easement" was the word used to describe the nature of the interest of the railway company, while the whole strip was conveyed to the county, subject only to the easement of the railway company. The character of the user by the railway company was in no sense in derogation of or in conflict with the rights of the county as owner of the fee, subject to the company's easement.

If the railway company had only an easement in the street, and not ownership of the "right of way," meaning thereby the fee of the 20-foot strip, it would concededly be subject to the ordinance requiring it to pave within and adjoining its tracks. We are satisfied that the city made out a prima facie case entitling it to intervene, and to have an order entered directing the receivers to comply with the ordinance.

Since the order hereby reversed was entered, the possession of the property has been restored to the Memphis Street Railway Company. In the further proceedings in the District Court it will be proper to join or substitute that company as a party defendant to the petition, without prejudice, however, to the testimony theretofore taken.

Inasmuch as the petition was dismissed by the court sua sponte at the conclusion of the city's case, the receivers and/or the company on the further hearing will have a right to present such evidence as they may deem desirable.

Reversed, for further proceedings in conformity with the views herein expressed.